UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DENVIL ALAN BALDWIN,<br><br>    Defendant. | Case No. 1:20-cr-00021-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Denvil Baldwin's Motion to Reduce Sentence. Dkt. 57. The Government opposes the Motion. Dkt. 59. Baldwin never replied.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES Baldwin's Motion.

## II. BACKGROUND

Baldwin was charged and convicted for the crime of Possession of 500 grams or more of Methamphetamine with Intent to Distribute. Dkts. 1, 55. The charges stemmed from a traffic stop of the Defendant's car wherein 73 grams of methamphetamine were found along with 2.5 grams of heroin, a digital scale, and $1,400. A subsequent search of

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

the Defendant's home discovered another 745 grams of methamphetamine. Ultimately, the Court sentenced Baldwin to 120 months imprisonment. Dkt. 55.

Recently, Baldwin filed a Motion to Reduce Sentence. Dkt. 57. Baldwin's Motion is virtually identical to other motions the Court has recently received from inmates housed at the Federal Correctional Institution in Sheridan, Oregon ("FCI Sheridan"). This form motion—that, as will be explained below, was likely written by another inmate—alleges problematic conditions at FCI Sheridan because of the COVID-19 pandemic and requests a reduction in Baldwin's sentence. *See generally* Dkt. 57.

### III. LEGAL STANDARD

Baldwin seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[2] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F.

---

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 2

Supp. 3d 674, 680 (N.D. Cal. 2019).

## IV. DISCUSSION

In this case, the Court never reaches the merits of Baldwin's motion because he has failed to comply with the applicable mandatory exhaustion requirements.

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

In his Motion, Baldwin claims he submitted a "cop-out" to the Warden at FCI Sheridan on July 3, 2023. Dkt. 57, at 1. Baldwin included a copy of his purported request in conjunction with his motion. *Id*. at 5. The problem, however, is that FCI Sheridan has no record of Baldwin submitting anything during that timeframe *on his own behalf*.[3]

As noted above, the Court is dealing with multiple identical motions from individuals at FCI Sheridan. At the top of the Motion is an inmate identification number. That number (16664-006) belongs to another inmate at FCI Sheridan (Robin Gattis). Baldwin's inmate number is 20238-023. It appears that Gattis (and/or another individual) created this "fill-in-the-blank" style pleading and circulated it to other inmates for use. Regardless, FCI Sheridan has no record of Baldwin submitting any type of request to the

---

[3] The obvious question, then, is where did the included copy come from? The Court suspects each inmate filled out an individualized grievance form with his own identifying information for purposes of the present motion, but never actually sent it to the Warden. Again, however, this outstanding question aside, the fact remains that FCI Sheridan never received a grievance as required.

MEMORANDUM DECISION AND ORDER - 3

Warden as statutorily required. Dkt. 59, at 3.

Exhaustion under Section 3582(c) is mandatory. As the Ninth Circuit has made clear, "a district court may not reach the merits of a compassionate release motion if the government has properly objected in the district court to the defendant's failure to exhaust." *United States v. Ransom*, 859 F. App'x 58, 59 (9th Cir. 2021). *See also United States v. Keller*, 2 F.4th 1278, 1282-83 (9th Cir. 2021) (a district court may not overlook a timely exhaustion objection because "§ 3582(c)(1)(A)'s administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government").

Here, the Government properly raised an exhaustion objection in its Motion to Dismiss. Dkt. 59. Baldwin did not respond to the argument and the time to do so has long passed. Ultimately, there is no evidence in the record that Baldwin exhausted his administrative remedies. Nor is there any indication exhaustion was not available under the circumstances.

Accordingly, the Court must dismiss Baldwin's Motion for failure to comply with the administrative requirements of § 3582(c)(1)(A).

## V. ORDER

The Court HEREBY ORDERS:

1. Baldwin's Motion to Reduce Sentence (Dkt. 57) is DENIED.

DATED: February 6, 2024

_____
David C. Nye
Chief U.S. District Court Judge